IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTONIO SHAW,

                                                         OPINION AND ORDER

                  Petitioner,

                                                          16-cv-315-bbc

          v.                                                   02-cr-162-jcs

UNITED STATES OF AMERICA,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Antonio Shaw has moved to vacate his sentence under 28 U.S.C. § 2255, citing the United States Supreme Court's decision in <u>Johnson v. United States</u>, 125 S. Ct. 2551 (2015), finding that the residual clause in 18 U.S.C. § 924(e)(B)(2) was unconstitutionally vague. Petitioner's sentence was not enhanced under the residual clause, but under § 4B1.1 of the sentencing guidelines, which are based on § 924(e)(B)(2).

Petitioner was sentenced in 2003, after he pleaded guilty to intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The sentencing court found that he had two prior convictions, one for a controlled substance offense in Dane County, Wisconsin, and one for attempted armed robbery in Chicago, Illinois. This finding meant that he qualified as a career offender under U.S.S.G. § 4B1.1. He appealed from his sentence, but did not challenge the way in which it was calculated. Instead, he challenged the denial of his motion to suppress evidence. His appeal was denied and he did not file a

motion for post conviction relief under 28 U.S.C. § 2255 until this year.

The government raises three reasons why petitioner's motion should not be entertained: (1) he is procedurally barred from raising an argument of constitutional vagueness because he never raised the issue either at sentencing or on direct appeal; (2) the holding in <u>Johnson</u> is not a substantive rule that would allow this court to entertain petitioner's challenge more than a decade after his conviction, but a non-watershed procedural rule as applied to guidelines cases such as petitioner's; and (3) petitioner cannot show that his Illinois conviction of attempted armed robbery was not a crime of violence that makes him a career offender when taken together with his Wisconsin conviction for possession with intent to deliver cocaine. The most straightforward of these arguments is the third, so I begin (and end) with it.

Petitioner does not deny that he has a prior conviction for a controlled substance offense, but he denies that his prior conviction for armed robbery in Illinois qualifies as a prior conviction for a crime of violence. According to his presentence report, he was convicted in January 1991 of attempted armed robbery in the Circuit Court for Cook County, Illinois and sentenced to five years in prison. (It appears that this sentence may have been treated as "shock incarceration" because the report shows that was "paroled from boot camp" in August 1991.) At the time, the Illinois robbery statute provided that "[a] person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Crim. Code, Ch. 38, § 18-1 (1990). Under § 18-2(a) of Ch. 38, "[a] person commits armed robbery when he or she

2

violates Section 18-1 while he or she carries on or about her person, or is otherwise armed with a dangerous weapon." The statute defines "attempt": "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Crim. Code, Ch. 38, § 18-4(a) (1990).

Petitioner has no basis for his claim that his conviction was not for a crime of violence. It meets the definition in § 4B1.2(a)(1): it is an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that---(1) has as an element the use, attempted use, or threatened use of physical force against the person of another." Not only is it covered by this guideline, it is also covered by subsection (i) of § 924(e)(2)(B). It does not fall under the residual clause of § 924(e)(2)(B)(ii), which was found to be unconstitutionally vague in Johnson.

Accordingly, I find that petitioner has failed to show that his Illinois conviction was not for a crime of violence. Thus, when he was sentenced in federal court for possession with intent to deliver more than five grams of cocaine base, it was proper for him to have been sentenced as a career offender, because of his two prior convictions for possession with intent to deliver cocaine and for attempted armed robbery.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S.

274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

## ORDER

IT IS ORDERED that petitioner Antonio Shaw's motion for post conviction relief is DENIED for his failure to show that he did not have two prior convictions that qualified him as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of

appeals under Fed. R. App. P. 22.

Entered this 27th day of July, 2016.

            BY THE COURT:
            /s/
            BARBARA B. CRABB
            District Judge